UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 30 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

BAHIG F. BISHAY,            )
                            )
       Plaintiff,           )
                            )
v.                          )   Civil Action No. 1:19-cv-01045 (UNA)
                            )
U.S. DEPARTMENT OF JUSTICE, et al.,  )
                            )
       Defendants.          )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Plaintiff, a resident of Norwood, Massachusetts, sues the U.S. Department of Justice, the Federal Bureau of Investigation, Christopher A. Wray, and James A. Crowell, IV. He alleges that his constitutional rights have been violated because defendants have declined to investigate and prosecute an alleged existing criminal conspiracy to steal his property. Plaintiff alleges that this conspiracy involves a state judge and twenty-three other individuals, none of whom are named in this lawsuit. Plaintiff essentially seeks mandamus relief, requesting that the Court demand that defendants investigate and prosecute these alleged crimes.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

1

"It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *Cheney*, 406 F.3d at 729 (citations omitted). Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Plaintiff fails to establish any of these elements, and thus fails to meet his burden.

This court has no authority to compel these defendants to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (concluding that mandamus "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same).

Plaintiff cannot compel a criminal investigation by any law enforcement agency. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v.*

*Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case and such decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see also Powell*, 359 F.2d at 234–35; *Shoshone–Bannock Tribes*, 56 F.3d at 1480–81. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). For these same reasons, the Court has no jurisdiction to award the other damages sought by plaintiff.

As such, the complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date: April 29, 2018